**The below described is SIGNED.**

**Dated: March 22, 2007** _____

*William J. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

|   |   |
|---|---|
| In re: | |
| **Louis R. Giacoma,** | Bankruptcy Number 06-24662 |
| Debtor. | (Chapter 7) |

## MEMORANDUM DECISION GRANTING REQUEST OF UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 521(i)(2)

The matter before the Court is the Debtor's objection to the United States Trustee's Request for Entry of an Order Dismissing the Debtor's case pursuant to 11 U.S.C. § 521(i)(2) and the Debtor's Motion to Deem Means Test Timely Filed *Nunc Pro Tunc*.[1]  The Trustee requested the dismissal order because the Debtor failed to timely file a Statement of Current Monthly Income ("Form B22A").  The Trustee believes Form B22A is required by § 521(a)(1)(B)(v).  For the reasons set forth herein, the Court grants the Trustee's Request and determines that this case was automatically dismissed on January 17, 2007.

_____

[1]All statutory references herein are to the Bankruptcy Code, unless stated otherwise.

1

I. **JURISDICTION AND VENUE**

For the limited purpose of this Memorandum Decision, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408(1).

II. **BACKGROUND**

The Debtor commenced this case under chapter 7 of the Bankruptcy Code on December 2, 2006. Two days later, the Clerk of the Court issued a Deficiency Notice informing the Debtor that certain documents (including Form B22A) were missing and due by December 18, 2006. The Debtor filed his Statement of Financial Affairs and Schedules, Payment Advices Certification, Pay Advices/Evidence of Payment, and Attorney Disclosure Statement on December 18, 2006. According to the Court's docket, however, the Debtor did not file Form B22A until February 12, 2007, 72 days after filing his petition.

On February 9, 2007, the United States Trustee filed a Request for Entry of an Order Dismissing the Debtor's case pursuant to 11 U.S.C. § 521(i)(2), asserting that the Debtor failed to file Form B22A within 45 days of the filing of his petition. On February 12, 2007, the Debtor filed an objection to the Trustee's Request and a motion to deem Form B22A timely filed *nunc pro tunc*, asserting that his counsel did indeed timely file Form B22A but that it did not appear on the Court's docket because of a computer error.

At the hearing on this matter, the Debtor's counsel represented to the Court that his procedure for electronically filing documents is to prepare a portable document format ("PDF") file, place the PDF file in a temporary directory, and then go on-line to file the document with the Court. Once the document is electronically filed, the Debtor's counsel moves it from his

temporary directory to a permanent location.  The Debtor's counsel represented that he prepared

and electronically filed several PDF documents for the Debtor on December 18, 2006, including

Form B22A, but that at some point there was a "glitch" and Form B22A did not make it into the

Court's electronic system or onto the docket.[2]  Accordingly, the Debtor asked the Court for an

order deeming Form B22A to have been timely filed nunc pro tunc on December 18, 2006.  The

Trustee objected to the Debtor's motion and argued that the Debtor's case was automatically

dismissed by operation of law 46 days after the Debtor filed his petition.

III.    **ANALYSIS**

 **A.  Form B22A Was Not Timely Filed**

 Rule 5005-2(d)(1) of the Local Rules of Practice of the United States Bankruptcy Court

for the District of Utah provides as follows:

> Electronic transmission of a document to the Electronic Filing System consistent with
> these Local Rules, together with the transmission of a Notice of Electronic Filing from
> the court, constitutes filing of the document for all purposes of the Federal Rules of
> Bankruptcy Procedure and the Local Rules, and constitutes entry of the document on the
> docket kept by the clerk under Fed. R. Bankr. P. 5003.  When a document has been filed
> electronically, the official record is the electronic recording of the document as stored by
> the court, and the filing party is bound by the document as filed, unless the court orders
> otherwise.  A document filed electronically is deemed filed at the date and time stated on
> the Notice of Electronic Filing from the court.[3]

This rule implicitly suggests that an attorney is obligated to review the docket after uploading a

---

 [2]The Debtor failed to submit evidence to support his representations, but for purposes of
this Memorandum Decision the Court will assume the Debtor's representations are established
fact.

 [3]See also Berman v. Congressional Towers LP-Section 1, 325 F.Supp.2d 590, 592 (D.
Md. 2004) (a document is electronically filed at the time the Notice of Electronic Filing states it
was entered).

PDF document to confirm that the document has been timely filed.[4]  Particularly in cases where

the Debtor must file documents with the court by a specific date, it is the duty of the Debtor's

counsel to confirm that the documents were successfully filed.[5]  This bright line rule is needed to

avoid situations which could conceivably render meaningless the deadline and plain language of

§ 521(a)(1)(B).  This requires counsel to double check the records of the clerk's office to ensure

that documents were properly transmitted and received, but this burden does not appear to the

Court to be unreasonable.

The Debtor argues that he timely filed his Form B22A on December 18, 2006 but

provides no support for his definition of the term "filed."  The Notice of Electronic Filing in this

case indicates that the Debtor's Form B22A was filed on February 12, 2007.  In light of Rule

5005-2(d)(1), the Court finds that Form B22A was not timely filed.  Accordingly, the Debtor's

argument fails.

### B.  Form B22A is Required Under Section 521(a)(1)(B)

Having determined that Form B22A was not timely filed in this case, the Court must also

---

[4]See, e.g., In re Sands, 328 B.R. 614, 619 (Bankr. N.D. N.Y. 2005) (it was incumbent on the debtor to establish that technical problems at the clerk's office prevented her from electronically filing a bankruptcy petition prior to a foreclosure sale); see also In the Matter of Hargrove, No. 06-11692, 2006 WL 2855079, *1 (Bankr. N.D. Ind. 2006) (unpublished decision) (counsel's failure to review the documents he filed with the court electronically and any "technical glitch" with the equipment he used did not constitute excusable neglect).

[5]While the Court has discretion under certain circumstances to alter the effect of local rules and find that a document was properly "filed" with the Court, the Court will only do so when it is evident that the Debtor's counsel has exercised due diligence in ensuring that a document was transmitted and received by the Court.  In the present case, the Debtor's counsel failed to discover his mistake until the Trustee requested an order dismissing the Debtor's case (approximately 53 days after the court-ordered deadline).

determine the consequence of not timely filing Form B22A.

Section 521(a)(1)(B) provides, in relevant part:

(a) The debtor shall-

    (1) file-

        (B) unless the court orders otherwise-

    [. . . ]

        (ii)  a schedule of current income and current expenditures;

    [. . .]

        (v)  a statement of the amount of monthly net income, itemized to
        show how the amount is calculated;

If a debtor fails to file the documents required by § 521(a)(1)(B), the case is automatically

dismissed effective on the 46th day.[6]  The Court has no discretion to alter the automatic dismissal

under this provision and lacks jurisdiction over a case once it is dismissed.[7]  Certain documents

are not required by § 521(a)(1)(B) but are required by Bankruptcy Rule 1007.  Specifically, Rule

1007(b)(4) provides:

> Unless § 707(b)(2)(D) applies, an individual debtor in a chapter 7 case with primarily
> consumer debts shall file a statement of current monthly income prepared as prescribed
> by the appropriate Official Form, and, if the debtor has current monthly income greater
> than the applicable median family income for the applicable state and household size, the
> calculations in accordance with § 707(b), prepared as prescribed by the appropriate

---

[6] 11 U.S.C. § 521(i)(1).

[7] See In re Wilkinson, 346 B.R. 539, 545 (Bankr. D. Utah 2006) (stating that the debtor's
statutory duty under § 521(a)(1) to file certain documents is both clear and unforgiving and the
Court has no discretion to alter the automatic dismissal);  see also In re Fawson, 338 B.R. 505,
515 (Bankr. D. Utah 2006) (stating that § 521(i)(1) mandates the dismissal of cases when debtors
fail to timely comply with the requirements of § 521(a)(1)).

Official Form."

Unlike § 521(a)(1)(B), however, a case is not automatically dismissed under Rule 1007 when a

debtor fails to file the required documents.  Thus, the operative question in this case is whether

Form B22A is required under § 521(a)(1)(B).

The United States Bankruptcy Court for the Southern District of Texas dealt with this

issue in In re Beacher.[8]  The Court determined that Form B22A is required in a chapter 7 debtor's

case where the debts are primarily "consumer" debts.  Beacher reasoned as follows:

> Bankruptcy Code § 707(b)(2) applies only in chapter 7.  It requires dismissal or
> conversion of a case filed by an individual debtor whose debts are primarily consumer
> debts if granting bankruptcy relief would be abusive of chapter 7.  To facilitate that
> determination, § 707(b)(2)(C) requires the petitioner to file "as part of the schedule of
> current income and expenditures required under section 521" a calculation to determine
> "whether a presumption arises."  Since the requirement to file the calculation is a
> subsection of § 707(b)(2), and since § 707(b)(2) only applies to debtors whose debts are
> primarily consumer debts, the requirement to file the calculation only applies to debtors
> whose debt is primarily consumer debt.  However, *if* the debts are primarily consumer
> debts, then the requirement to file the calculation is statutorily deemed to be "part of" the
> schedules of income and expense.[9]

Thus under Beacher, Form B22A is required to be filed under § 521(a)(1)(B) if the

debtor's debts are primarily consumer debts.  At least two courts have implicitly agreed with this

conclusion.[10]  This Court finds the reasoning in Beacher persuasive and adopts its holding.

The Debtor in this case filed for chapter 7 relief with primarily consumer debts.  Thus,

under Beacher the Debtor was required under § 521(a)(1)(B) to file Form B22A.  Failure to file

---

[8] --- B.R.---, No. 06-37157-H2-7, 2007 WL 196844 (Bankr. S.D. Tex. Jan. 26, 2007).

[9] Id. at *2.

[10] See, e.g., In re Moates, 338 B.R. 716 (Bankr. N.D. Tex. 2006); In re Copeland, No. 06-
32116-H3-7, 2006 WL 2578877 (Bankr. S.D. Tex. 2006) (unpublished decision).

Form B22A within 45 days of filing his petition resulted in automatic dismissal on January 17,

2007. Accordingly, the Trustee's Request for Entry of an Order Dismissing Case Pursuant to

U.S.C. § 521(i)(2) should be granted.[11]

## IV.    CONCLUSION

The United States Trustee's Request for Entry of an Order Dismissing Case Pursuant to

U.S.C. § 521(i)(2) should be GRANTED. A separate order accompanies this Memorandum

Decision. Also, the Debtor's motion to deem Form B22A filed *nunc pro tunc* should be denied.



---

[11]This opinion is limited to chapter 7 cases and Form B22A filing requirements. The
Court makes no ruling as to the interplay between § 521(a)(1)(B)(ii) or (v) and Form B22C.

Service of the foregoing **MEMORANDUM DECISION GRANTING REQUEST OF UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 521(i)(2)** will be effected through the Bankruptcy Noticing Center to each party listed below.

Louis R. Giacoma
483 Glasgow Ln.
Heber City, UT 84032-1453

Mark R. Emmett
716 East 4500 South
N240
Murray, UT 84107-3619

Roger G. Segal
257 East 200 South
Suite 700
Salt Lake City, UT 84111

John T. Morgan
U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111